## No. 999.

### DANIEL Y. GRAYSON'S EXECUTOR VS. E. E. NORTON, ASSIGNEE.
### WM. BONNER, INTERVENOR.

In a suit to revive a judgment against a bankrupt, his assignee is the proper person upon whom to serve the citation, if he is still in office, but not if he has been legally discharged by the Bankrupt Court, and is, consequently, *functus officio*. In the latter case, the citation served upon the ex-assignee has no legal effect whatever.

APPEAL from the Seventh District Court, parish of Franklin. *Elam, J.*

---

### *Boatner & Liddell* and *Franklin Garrett* for Plaintiff and Appellant:

First—The revival of a judgment simply averts prescription. It does not make valid that which is invalid. The Legislature having declared that a judgment could die, at the same time provided a means of extending its life. The revival gives a new ten years lease of just the kind and quality of existence the judgment originally had.

Second—It is the duty of courts to give effect to laws and not seek to render them inoperative. Under our law every right has a remedy. In this matter plaintiff's right is conceded, and the Court must give the remedial statute a reasonable construction ; its terms must not be scrutinized for the purpose of making it void and destroying plaintiff's right.

Third—In a suit to revive a judgment, the defendant in which has become a discharged bankrupt, his assignee alone can be cited,—even when the assignee has rendered a final account,—for he is the only possible legal representative of the defendant, who has become *civiliter mortuus*. The bankrupt act does not provide for the appointment for any purpose of another assignee, after the final account, on whom process could be served,—differing in this from our own law in relation to administrators.

Fourth—In this case the Supreme Court has held, in June, 1879, that the plaintiff had properly cited the assignee in order to revive the judgment. The case was not remanded to try that issue, which was settled; and the District Judge was without authority to overrule the Supreme Court and refuse to revive the judgment.

Fifth—In a suit to revive, the only permissible parties are the plaintiff and defendant in the original judgment, or their legal representatives.

Sixth—There can be no intervention except there be a suit,—a *contestatio litis*. There can be no suit except there be a plaintiff and a defendant.

Seventh—An intervenor cannot substitute himself for the plaintiff or the defendant, nor can he be heard to plead exceptions personal to either. He takes the suit as he finds it.

Eighth—Third parties cannot intervene in a suit to revive. The third possessor of property, on which rests the mortgage resulting from the registry of the judgment sought to be revived, is a third party.

Ninth—The intervenor, Bonner, can only assert his rights in an hypothecary action instituted to render the judgment executory against the land he holds as third possessor.

### *Wells & Ellis* for Intervenor and Appellee:

In a suit to revive a judgment against a bankrupt, the discharged bankrupt is not the proper party to cite. Alter vs. Nelson, 27 An. 242.

In a suit to revive a judgment against a bankrupt the assignee is not the proper party to cite. Chapman, Ex., vs. S. O. Nelson et al., 31 An. 341. In hypothecary proceedings against property which has passed out of the jurisdiction of the bankrupt court, it is useless to cite the assignee, because he has no interest therein. Willard vs. Brigham, 25 An. 600.

Our State courts recognize the official signatures of the officers of the Federal government without proof. Greenleaf, vol. I, chap. 2, Art. 6 ; 4 M. old series, 655; 10 M. old series, 196 ; 4 M. N. S. 263.

The opinion of the Court was delivered by

LEVY, J.  Franklin Garrett, dative testamentary executor of David Y. Grayson, deceased, instituted this suit on the 15th of August, 1876, to revive a judgment of the District Court of Franklin Parish, rendered on the 6th of September, 1866, in favor of said Grayson vs. E. S. Sims. The suit was brought against E. E. Norton, assignee in bankruptcy of said Sims. Service was duly made on said Norton. William Bonner intervened, alleging that in May, 1870, he became the purchaser from E. E. Norton, assignee in bankruptcy, of all the real estate of E. S. Sims, which had been surrendered in bankruptcy by said Sims, said purchase being made under an order of sale of the U. S. District Court of Louisiana. Intervenor avers that, although said "order of court and sale decreed the divestiture of all mortgages and incumbrances on said property, the plaintiff has brought suit against intervenor, claiming the right to enforce upon said lands the judicial mortgage alleged to have been acquired by the registry of the judgment in the suit of Grayson vs. E. S. Sims." He alleges, among other things, that the said Norton has no interest in the present suit for revival, because, at the time of filing the same, he was not assignee of said bankrupt, having filed his final account and been discharged from said office. He also alleges that Norton was not properly cited; that "the prescription of a judgment can be interrupted, only, by a legal citation issued according to law to the defendant or his representative, which has not been done in this case."

There was judgment of the District Court, reviving the judgment as prayed for, and the intervenor appealed to the Supreme Court and the judgment of the lower court was reversed and the case remanded for a new trial. On the second trial, there was judgment rejecting plaintiff's demand and sustaining the intervention, and plaintiff has taken this appeal.

In the opinion rendered by the Supreme Court, in the first appeal, the Court said: " In this case, it was brought against the assignee; and the vendee of land subject to the judicial mortgage resulting from the recordation of the judgment sought to be revived, has therein intervened, and we have before us the parties who alone are interested in maintaining or defeating this action." We shall, therefore, consider alone the question of the revival of the judgment, having nothing to do with the conflicting interests of the plaintiff and intervenor as to the force and effect of the judicial mortgage.

The whole case was reopened on the second trial and evidence introduced thereon, which was not taken on the first one. We find in the record evidence showing that E. E. Norton, assignee of the bankrupt E. S. Sims, was discharged as such assignee by order of the U. S. District Court, sitting in bankruptcy, on the 20th of January, 1872. Service of the

citation in this suit was made on him on the 15th of August, 1876, more than four years after his discharge.

In the opinion of the Supreme Court, rendered on the rehearing granted in the previous appeal, the Court said: "We held that, in this suit, the citation should have been issued to and served upon the judgment debtor or his legal representative, reversed the decree of revival and dismissed plaintiff's demand. We are now told by his counsel, 'in instituting these proceedings we carefully followed, as the evidence of what the law was, a rule established and twice sanctioned by your predecessors.' This is true, and as members of the Bar, we understand the important necessity of not departing from a rule of practice, which, however questionable it may be, has for several years been a guide to litigants. 25 An. 556, 27 An. 242. Plaintiff is seeking, not to avoid the effects of any obligation, not to destroy any right, but merely to protect against an impending prescription, a right which, he alleges to have acquired; and to attain that lawful end, he has strictly complied with the formality prescribed by our jurisprudence, and which, he justly contends, it is too late to alter or change. Whatever may be the views which we entertain as to this matter, plaintiff has properly invoked the rule *stare decisis* and, as in this instance, no interest can be affected by its application, we adhere to it."

The decisions on which the Court relied, 25 An. 556, and 27 An. 242, do not, in our opinion, apply to this case. In those cases, it does not appear, nor is it claimed, that the assignee had been discharged and was "*functus officio*," and the facts disclosed by the record of the first appeal herein, doubtless induced the belief in the mind of the Court, that Norton was, when cited, assignee. The proof of his discharge was not before the Court and, indeed, it was only made on the new trial, for which purpose the cause had been remanded.

The question, then, for our decision is: was the service on Norton, long after he had ceased to be assignee of the bankrupt, Sims, by discharge under an order of court regularly made, such legal citation "to the defendant or his representative" as would maintain a judgment of revival? Without, in any manner, overruling the cases cited, we only say, that they do not cover, nor are they applicable to, the instant cause.

Plaintiff, relying upon the decisions referred to as constituting a rule of practice justifying him in applying thereto the doctrine *stare decisis*, can find no relief therefrom. They held that service of the citation on the *assignee* in bankruptcy was sufficient in a suit to revive a judgment against a bankrupt debtor, but they did not say that service upon one not an assignee at the time of service, or who had, although once an assignee, been judicially discharged, would suffice. In this

-case, when the service was made upon Norton, he was in no manner the *representative* of the judgment debtor. He had long since, by solemn adjudication of the proper court, been divested of all representative -character as it affected the bankrupt or his estate, and was to all intents and purposes a stranger, without capacity to do any thing which could bind the bankrupt or his property. A citation on him had no more binding effect than if made upon the veriest stranger.

We know of no law and no decision which would authorize an executor, administrator, curator or tutor, or other fiduciary, to exercise the functions of his office after he had been divested of his official character, which could bind the persons or property which he had represented prior to such divestiture of his office; and so also as to assignees in bankruptcy. The service of the citation on Norton, the discharged assignee, in this case is insufficient on which to base a judgment for the revival of the judgment sought by plaintiff.

The judgment appealed from is, therefore, affirmed with costs.

Mr. Justice TODD recuses himself, having been consulted as counsel.